360 So.2d 839 (1978)
Patricia COOK et al.
v.
AAA WORLDWIDE TRAVEL AGENCY, a Division of American Automobile Association of Louisiana and Dynimex-Pacifex Tours, Inc.
No. 61365.
Supreme Court of Louisiana.
June 19, 1978.
Rehearings Denied July 26, 1978.[*]
*840 Frank J. Varela, John W. Haygood, Jones, Walker, Waechter, Poitevent, Carrere & Denegre, New Orleans, for defendant-respondent.
Gerard J. Hansen, New Orleans, for plaintiffs-applicants.
DENNIS, Justice.
This is a suit arising from alleged breach of contract, negligence and misrepresentation in connection with an international travel tour which defendants seek to have submitted to arbitration.
Plaintiffs, residents of Orleans Parish, made arrangements for a tour of the Orient promoted by the defendants, retail and wholesale travel brokers. After returning home disappointed with their trip, plaintiffs filed this suit for damages based on breach of contract, negligence and misrepresentation. Defendants filed a dilatory exception of prematurity on the ground that an agreement between the parties required that plaintiffs' claims be submitted to arbitration in Minnesota. Plaintiffs opposed the exception and denied that an agreement to arbitrate existed between the parties. After a hearing, the trial court sustained defendants' exception of prematurity and dismissed plaintiffs' suit. The court of appeal affirmed, 352 So.2d 243 (La.App. 4th Cir. 1977), and this Court granted certiorari. 354 So.2d 208 (La.1978). For the reasons hereinafter assigned, we reverse and remand the case for trial.
The Louisiana Arbitration Law, La.R.S. 9:4201-4217, in pertinent part, provides:
"A provision in any written contract to settle by arbitration a controversy thereafter arising out of the contract, or out of the refusal to perform the whole or any part thereof, or an agreement in writing between two or more persons to submit to arbitration any controversy existing between them at the time of the agreement to submit, shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." La.R.S. 9:4201.
Counsel for the parties have ably briefed and argued several serious issues raised by this litigation, viz., whether La.R.S. 9:4201 requires that a valid contract to arbitrate be written and signed by the parties; whether anything less than such an agreement constitutes a knowing and intelligent waiver of a party's constitutional access to courts, La. Const.1974, Art. 1, § 22; or whether an oral contract incorporating by reference a written arbitration clause satisfies the requirements of the constitution and the Louisiana Arbitration Law. We choose, however, to decide the case on a *841 simpler and more elementary issue. For we find that defendants failed to prove the existence of any consent by the plaintiffs to submit disputes to arbitration.
The defense that plaintiffs are not entitled to judicial relief because of a valid agreement to submit their claims to arbitration may be raised, as it was here, by the dilatory exception pleading prematurity, La.C.C.P. art. 926(1), which is determined on the basis of the showing made at the in-limine trial of the exception, including evidence introduced at the trial thereof. La.C.C.P. arts. 929, 930. When the issue is raised by the exception pleading prematurity, the defendant pleading the exception has the burden of showing the existence of a valid contract to arbitrate, by reason of which the judicial action is premature. Cf. Steeg v. Lawyers Title Insurance Corporation, 329 So.2d 719 (La.1976).
Plaintiffs' petition alleges that the tour they purchased as outlined in the brochure issued by defendants was not the tour they actually received; but the pleadings contain no allegations from which it reasonably could be inferred that the plaintiffs consented to arbitrate disputes with the defendants. At the hearing held in connection with the exceptions defendants introduced no written evidence of an instrument purporting to be a complete contract between the parties. John Doussa, the director of AAA's Worldwide Travel Department, was the only witness to testify on behalf of the defendants. He stated that AAA and Dynimex-Pacifex entered an agreement whereby AAA would act as the retail travel agent for a tour to the Orient promoted by Dynimex-Pacifex, a wholesale travel agent. AAA placed advertisements in the New Orleans Times-Picayune and the Louisiana Motorist, a publication of AAA concerning the tour of the Orient. In response to these advertisements the plaintiffs paid an initial deposit to AAA with final payment due at a later date. At some time, which is not clear from the record, the plaintiffs received, either through the mail or by picking it up at the AAA office, a travel brochure prepared by AAA with the assistance of Dynimex-Pacifex. On one of the twelve panels of the fold-out brochure, among colorful pictures and language describing the tour, the arbitration clause was set forth in fine print as follows:
"Any disputes or claims which may arise as per our agreement or relationship, or with respect to any breach thereof on the part of operator or agent or participant, shall be settled by arbitration in the State of Minnesota."
However, there is no evidence in the record that the plaintiffs ever read the brochure, had terms in the brochure pointed out to them or brought to their attention, or in any way agreed to the arbitration clause contained in the brochure. Doussa's testimony merely establishes that the travel brochure was made available to the plaintiffs by AAA.
After final payment the plaintiffs received final tour documents consisting of a tour itinerary, a flight schedule, list of hotels, tour member cards, luggage decals, and a general information booklet. None of these items made any reference to the settlement of disputes by arbitration.
Defendants clearly failed to present any evidence at the hearing or to point out any allegation in plaintiffs' petition from which a reasoned judgment could be made that plaintiffs consented to submit all disputes with defendants to arbitration in the state of Minnesota. Accordingly, the defendants did not carry their burden of proof and the exception pleading prematurity should have been overruled, allowing plaintiffs to proceed with judicial action.
The court of appeal judgment is reversed and the case is remanded for a trial on the merits.
SUMMERS, J., dissents.
NOTES
[*] SUMMERS, J., would grant a rehearing.