BARRY, Judge.
Appellants and appellee formed a law corporation on April 27,1976. A shareholders agreement was executed providing that upon termination of employment a shareholder was obligated to sell and the law firm obligated to buy, at book value, all stock owned by the terminated shareholder. Book value of the shares would be determined by the firm’s accountants and its determination would be binding on all parties. Any dispute arising out of the shareholders agreement is to be settled by arbitration under rules of the American Arbitration Association.
On July 26, 1976 appellants terminated their relationship with appellee. The firm’s accountants calculated the value of his shares at $11,151.00 and on October 22, 1976, the firm tendered a check in this amount to appellee. On December 6, 1976 appellee’s attorney returned the check because he felt this payment “did not take into account all of the relevant factors and I would reiterate my suggestion that we take steps to begin arbitration of this matter in accordance with the stockholders agreement.”
Arbitration never commenced. Instead, on August 28, 1979, three years after sending his letter, Mr. Schumacher filed a petition for perpetuation of testimony which sought production of corporation records and the opportunity to take testimony of members of the firm.
The authority to perpetuate testimony before trial is provided by LSA-C.C.P. Art. 1429:
*882 A person who desires to perpetuate his own testimony or that of another person regarding any matter that may be cognizable in any court of this state may file a verified petition in a court in which the anticipated action might be brought. The petition shall be entitled in the name of the petitioner and shall show:
(1) That the petitioner expects to be a party to an action cognizable in a court of this state but is presently unable to bring it or cause it to be brought.
(2) The subject matter of the expected action and his interest therein.
(3) The facts which he desires to establish by the proposed testimony and his reasons for desiring to perpetuate it.
(4) The names or a description of the persons he expects will be adverse parties and their addresses so far as known.
(5) The names and addresses of the persons to be examined and the substance of the testimony which he expects to elicit from each, and shall ask for an order authorizing the petitioner to take the depositions of the persons to be examined named in the petition, for the purpose of perpetuating their testimony.
The District Court entered an order directing that the books and records of the law corporation be made available as well as the remaining stockholders for their testimony. The law corporation appeals seeking dismissal of the petition.
We are asked to determine whether LSA-C.C.P. Art. 1429 may properly be used to obtain pre-trial evidence in a matter which is subject to arbitration.
The first part of (1) of Art. 1429 requires that the perpetuation of testimony “be part of an action that may be cognizable in any court of this state”. However, the shareholders agreement which appellee signed provides for arbitration as an exclusive remedy for any dispute which may develop. Appellee’s awareness of this particular provision was apparent when his attorney suggested its use when returning the equity check.
LSA-R.S. 9:4202 provides:
If any suit or proceedings be brought upon any issue referable to arbitration under an agreement in writing for arbitration, the court in which suit is pending, upon being satisfied that the issue involved in the suit or proceedings is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until an arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with the arbitration.[1]
If appellee had sued in District Court on the merits of his claim, the lawsuit would have been stayed or been subject to an exception under LSA-R.S. 9:4202. Appel-lee is bound to the arbitration provision of his agreement and is therefore unable to bring an action “cognizable in any court of this state”. The arbitration provision is exclusive assuming the shareholders agreement is valid.[2]
Whether appellee met the other provisions of Art. 1429 is immaterial. If Mr. Schumacher can be estopped from filing suit in District Court because of mandatory arbitration, then he is clearly prohibited from utilizing the authority of Art. 1429.
We conclude the trial court abused its discretion granting appellee’s petition to perpetuate testimony.
The judgment 'of the District Court is reversed. The petition to perpetuate testimony filed by appellee is dismissed. Appel-lee to pay all costs of this appeal.

REVERSED AND DISMISSED.

. See Cook v. AAA Worldwide Travel Agency, 360 So.2d 839 (La., 1978).

. Appellee appeared in proper person during argument and acknowledged he did not attack the credibility or veracity of his former law partners because of personal reasons, nor has he, as yet, attempted to nullify the shareholders agreement.