BROWN, Chief Judge.
 

 | plaintiff, Ruben O’Neal, entered into a Limited Rights Franchise Agreement with defendant, Total Car Franchising Corporation (“Total Car” which is “Colors on Parade”), a mobile automobile painting business whose home office is in Myrtle Beach, South Carolina. The agreement, which was prepared by Total Car, required plaintiff to pay $500 up front plus 40% of the franchise’s gross income. Furthermore, plaintiff had to buy a van and send it to South Carolina to be outfitted. In exchange, plaintiffs franchise obtained the exclusive territorial rights to car dealerships in Shreveport/Bossier City, Louisiana. An Area Developer (“AD”), who according to Total Car is an independent contractor, handled the invoicing and the collection and distribution of money on behalf of defendant. Serious disputes arose between plaintiff and the AD.
 

 
 *319
 
 On October 8, 2007, Total Car filed for arbitration in South Carolina against O’Neal seeking $68,756 in damages and enforcement of a noncompetition agreement. On October 19, 2007, plaintiff filed this action in the 26th Judicial District Court against Total Car to terminate the franchise agreement and for damages for breach of contract.
 
 [1]
 
 Total Car subsequently dropped the arbitration filing in South Carolina and filed a Dilatory Exception of Prematurity in the 26th Judicial District Court, which the trial court granted. O’Neal raises one assignment of error on appeal, arguing that the trial court erred in holding that the arbitration clause in the | ¿franchise agreement applied to this particular dispute. We reverse and remand.
 

 Discussion
 

 The defense to a petition that a plaintiff is not entitled to judicial relief because of a valid agreement to submit claims to arbitration may be raised by the dilatory exception pleading prematurity pursuant to La. C.C.P. art. 926(A)(1).
 
 Cook v. AAA Worldwide Travel Agency,
 
 360 So.2d 839 (La.1978);
 
 Long v. Jeb Breithaupt Design Build Inc.,
 
 44,002 (La.App.2d Cir.02/25/09), 4 So.3d 930;
 
 Town of Homer v. General Design, Inc.,
 
 42,027 (La.App.2d Cir.05/30/07), 960 So.2d 310,
 
 writ denied,
 
 07-1820 (La.11/09/07), 967 So.2d 510. When the issue of failure to arbitrate is raised by the exception pleading prematurity, the defendant pleading the exception has the burden of showing the existence of a valid contract to arbitrate, by reason of which the judicial action is premature.
 
 Cook, swpra; Long, supra.
 

 An arbitration agreement is a contract subject to the general rules of contract interpretation.
 
 Doctor’s Associates Inc. v. Casarotto,
 
 517 U.S. 681, 116 S.Ct. 1652, 134 L.Ed.2d 902 (1996). Even in light of the strong public policy in favor of arbitration, we will not authorize arbitration where a contract does not evidence a mutual consent between the parties to arbitrate. In the instant case, O’Neal submits that the language of the arbitration clause does not subject disputes between him and Total Car to arbitration. Thus, we are called to determine whether there is a valid agreement to arbitrate between the stated parties.
 

 laThe franchise agreement contains a dispute resolution provision for “disagreements within the Colors on Parade community.” The franchise agreement provides, in Section 12: “Colors on Parade has implemented a dispute resolution procedure involving three basic steps.
 
 You agree
 
 to abide by this procedure.” (Emphasis added). The language does not specifically state that “we” agree to abide by the procedure. In the second step of the process, mediation is also addressed. The agreement states that “in cases of disputes among members of the community,
 
 we will provide a list
 
 of three suggested mediators to deal with the situation.” The part of the provision relating to the third step, binding arbitration, provides: “One or each disputant submits a demand for arbitration to us.
 
 We will assist in the selection of arbitrators and serve as case administrator.”
 
 (Emphasis added). These passages cast Total Car/Colors on Parade as a neutral administrator, not a disputant, in the “disputes” contemplated by this agreement.
 

 Colors on Parade argues that it is a member of the “Colors on Parade community,” and thus obligated to follow the res
 
 *320
 
 olution procedure. However, this is inferential and does not address the specific language of Section 12. Despite the heavy weight of the presumption in favor of arbitration, we are not convinced that the “issue involved in this suit or proceedings is referable to arbitration under” the franchise agreement. La. R.S. 9:4202. Under these circumstances, the agreement “is not susceptible of an interpretation that could cover the dispute at issue.”
 
 Aguillard v. Auction Management Corp.,
 
 04-2804 (La.06/29/05), 908 So.2d 1, 18.
 

 |4We note that both the president and the attorney for Total Car testified that the language in Section 12 of the agreement has since been changed. Again, this language does not make it clear that Total Car itself is covered. The contract appears to provide for the arbitration of disputes between the AD and franchisee, but it does not evidence a mutual consent between plaintiff and Total Car to arbitrate the claims involved in this case.
 

 Further, there are also competing public policies involved: 1) those favoring arbitration, and 2) those setting forth the proposition that noncompete agreements are not favored and must strictly follow Louisiana statutory law. To apply Georgia law to a noncompete agreement limiting the ability of a Louisiana citizen to work is contrary to our strong public policy.
 
 [2]
 

 REVERSED AND REMANDED.
 

 LOLLEY, J., dissents.
 

 [1]
 

 . O’Neal had started doing business as Mast-ermatch, Inc. Mastermatch, Inc., was also named as a plaintiff. An exception of no right of action was granted and Mastermatch, Inc., was dismissed from this action.
 

 [2]
 

 . The arbitration agreement called for the application of Georgia law to resolve all arbitrated disputes.