DREW, J.
|) Lawrence Martin appeals a judgment denying his exceptions of prematurity, no cause of action, no right of action, and lack of subject matter jurisdiction. We affirm.
FACTS
Tubbs Rice Dryers, Inc., operates grain storage facilities in northeast Louisiana. Tubbs books grains from local farmers. The way the booking process works is that farmers contact Tubbs to sell future crops at a certain price. Tubbs then calls its broker with Commodity Risk Management and places an order to sell the same amount of grain at the same price on the Chicago Board of Trade. Tubbs does this to hedge its position. When the broker makes the sale, Tubbs and the farmer become obligated at that point and a contract, known as a confirmation sheet in the grain trade, is sent to the farmer, who is to deliver the grain at a future time.
Lawrence Martin is a Texas resident who farms in Morehouse Parish. Martin entered into several contracts to sell grain to Tubbs:
• Under contract number 772, which had a booking date of February 16, 2006, Martin agreed to deliver 4,000 bushels of wheat between May 15 and June 30, 2007.
• Under contract number 912, which had a booking date of May 15, 2006, Martin agreed to deliver 5,000 bushels of wheat between May 15 and June 30, 2007.
• Under contract number 923, which also had a booking date of May 15, 2006, Martin agreed to deliver 3,000 bushels of milo between July 15 and October 31, 2007.
• Under contract number 937, which had a booking date of May 18, 2006, Martin agreed to deliver 8,000 bushels of wheat between May 15 and June 30, 2008.
| .¿Martin signed contract number 772, but did not sign the other contracts, which was not an unusual occurrence in the grain trade. Because of the nature of the transactions, Tubbs often had to rely on oral agreements from farmers who did not sign and return the contracts. This is reflected in the contracts, which stated:
If Seller does not return a signed copy of this confirmation to Buyer within ten days from the above date, Buyer shall have the option to cancel this confirmation by sending written notice to Seller ■within fourteen days from the above date. If Buyer does not give such writ *928 ten notice, the confirmation shall remain in full force and effect.
After Martin failed to deliver the grains as promised under contract numbers 772, 912, and 923, Tubbs filed a petition on open account and for breach of contract against Martin on January 14, 2008.
Martin filed an answer in a pro se capacity on February 21, 2008. On April 14, 2008, Martin’s attorney filed a motion to enroll as counsel of record.
On July 28, 2008, Tubbs amended its petition to add the claim that Martin had failed to deliver 8,000 bushels of wheat as agreed to under contract number 937.
On December 30, 2008, Martin filed the exceptions of no cause of action and no right of action in which he argued that the dispute with Tubbs was subject to the arbitration rules of the National Grain and Feed Association (“NGFA”), and that Tubbs had not exhausted that remedy pri- or to bringing suit. On that same date, Martin also separately filed the exception of lack of subject matter jurisdiction, and in the alternative, the |3exception of prematurity; Martin also contended in these exceptions that the dispute had not yet been submitted to mandatory arbitration.[1]
The trial court denied the exceptions. A bench trial was held on the merits.[2] The court found in favor of Tubbs, and ordered Martin to pay $57,345.03 plus court costs, legal interest, and attorney fees. Martin has appealed the denial of the exceptions.[3]
DISCUSSION
We note that normally when an appeal is taken from a final judgment, the appellant is entitled to seek review of all adverse interlocutory judgments prejudicial to him in addition to the review of the final judgment. See Alexander v. Palazzo, 2008-1541 (La.App. 1st Cir.2/13/09), 5 So.3d 950. However, some adverse interlocutory rulings, such as the denial of the exception of improper venue, cannot as a practical matter be corrected on appeal after a final judgment. See Danny Weaver Logging, Inc. v. Norwel Equipment Co., 33,793 (La.App.2d Cir.8/23/00), 766 So.2d 701, where the failure to timely appeal a venue ruling amounted to a waiver of venue. In those instances, the party should either seek supervisory review pursuant |4to La. C.C.P. art. 2201, or file an appeal under La. C.C.P. art. 2083(C) if it is expressly provided by law.
The denial of a request for arbitration can be likened to the denial of an exception of improper venue in the sense that it would be difficult to correct the error once a final judgment has been rendered. Arbitration exists as an alternative to litigation in order to avoid a costly trial. It would not foster judicial efficiency if a *929 matter could be sent to arbitration after the trial court had already decided the case on its merits.
We recognize that Louisiana has a public policy favoring arbitration. This is exemplified in La. R.S. 9:4201, which provides:
A provision in any written contract to settle by arbitration a controversy thereafter arising out of the contract, or out of the refusal to perform the whole or any part thereof, or an agreement in writing between two or more persons to submit to arbitration any controversy existing between them at the time of the agreement to submit, shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.
We further recognize that Tubbs has not sought dismissal of this appeal on the grounds that Martin waived his claim to arbitration by not seeking supervisory review. Furthermore, the trial on the merits in this matter was held immediately after Martin’s exceptions were denied. There was no delay between the denial of the exceptions and the trial on the merits such that Martin’s failure to seek supervisory review was inexcusable. Under the circumstances of this case, and in light of our public policy favoring arbitration, we will review on this appeal the arbitration issues raised by Martin in his exceptions.
|fiWhen a party to a lawsuit claims that the matter is required to be submitted to arbitration, the threshold inquiry is whether the parties have agreed to arbitrate the dispute in question. See Johnson’s, Inc. v. GERS, Inc., 84,268 (La.App.2d Cir.1/24/01), 778 So.2d 740. This determination involves two considerations: (1) whether there is a valid agreement to arbitrate between the parties; and (2) whether the dispute in question falls within the scope of that arbitration agreement. Id.
In regard to the first consideration, we note that Tubbs has not consented to arbitration. We further note that Martin has denied executing three of the four contracts. Thus, Martin has taken the interesting position of seeking to enforce arbitration clauses in three contracts to which he disclaims even being a party.
Tubbs used standard grain contracts when booking Martin’s grain. The contracts stated under their general terms section:
The terms of this confirmation are subject in all respects to the rules and regulations of the exchange, board, or association designated above. If Seller is not a member of the said exchange, board, or association, then the rules and regulations of the National Grain and Feed Association shall govern. Buyer and Seller agree that all disputes and controversies between them with respect to this confirmation shall be arbitrated according to said rules and regulations, and that judgment may entered on the arbitration award in any court of competent jurisdiction.
The NGFA provided a general explanation of its arbitration system. This explanation stated, in part:
The Arbitration System provides a fair, cost-effective, and timely way to resolve disputes involving grain ... transactions. Its use is compulsory for resolution of disputes between Active Members under the NGFA’s Bylaws. The Arbitration System is also available for resolving disputes with and between | (Associate/Trading members if the Arbitration Rules are referenced in the underlying contractual agreement or the parties otherwise consent.
The arbitration rules of the NGFA pertaining to jurisdiction stated, in part:
(a) The National Grain and Feed Association (NGFA) may properly consider a *930 case involving a dispute between or among any of the following:
(1) Active members of the National Association ....
(2) Active members of the National and nonmembers, by consent of both parties or by court order. In the absence of a court order a case between a member and a nonmember may not be properly considered by the National Arbitration Committee without the consent of both parties. If the contract in dispute between a member and nonmember provides for arbitration by the National Association or under its Arbitration rules, the parties to the contract shall be deemed to have consented to arbitration under these Arbitration Rules.
In particular, we note, with our emphasis added, the following section in the NGFA Grain Trade Rules:
Rule 29. Arbitration
Where a transaction is made subject to these rules in whole or in part, whether by express contractual reference or by reason of membership in this Association, then the sole remedy for resolution of any and all disagreements or disputes arising under or related to the transaction shall be through arbitration proceedings before the [NGFA] pursuant to the NGFA Arbitration Rules; provided, however, that at least one party to the transaction must be a NGFA member entitled to arbitrate disputes under the NGFA Arbitration rules.
Although the contracts provided for arbitration, there was no dispute between a member and nonmember in this instance. Martin was not a member of the NGFA. Tubbs was not a member of the NGFA at the time it entered into the contract with Martin. It later became a member, but was not |7a member prior to the filing of the amended petition on July 23, 2008.[4] Moreover, Tubbs did not consent to arbitration of this dispute. Accordingly, by the terms of the NGFA’s grain trade and arbitration rules, the dispute was not subject to the NGFA’s arbitration jurisdiction. The dispute between Martin and Tubbs did not fall within the scope of the arbitration clause in the standard grain contract.
Arbitration is a substitute for litigation, and its purpose is settlement of differences in a fast, inexpensive manner before a tribunal chosen by the parties. National Tea Co. v. Richmond, 548 So.2d 930 (La.1989). As noted above, the tribunal referenced in the contract would not even have had jurisdiction over this matter.
The original petition was filed in January of 2008. After several motions for continuance, the trial was refixed for January 5, 2009. The exceptions were not filed until less than a week before trial. In waiting until basically the last minute to invoke the arbitration clause, Martin defeated the purpose of arbitration.
CONCLUSION
Based upon our review of this record, we find no error in the denial of Martin’s exceptions. At Martin’s cost, the judgment is AFFIRMED.

.The failure of a party to arbitrate in accordance with the terms of an agreement may be raised either through a dilatory exception of prematurity demanding dismissal of the suit or by a motion to stay the proceedings pending arbitration. Long v. Jeb Breithaupt Design Build Inc., 44,002 (La.App.2d Cir.2/25/09), 4 So.3d 930. See also footnote 4 in Matthews-McCracken Rutland Corp. v. City of Plaquemine, 414 So.2d 756 (La.1982), where the supreme court stated that an objection to proceeding to trial instead of arbitration may also be raised by the exception of no cause of action.

. We note that the judgment states that the exceptions of prematurity, no cause of action, and no right of action are denied. The exception of lack of subject matter jurisdiction is not mentioned in the judgment. Nevertheless, the trial court clearly denied that exception prior to conducting the trial on the merits.

. Martin also argues on appeal that the trial court erred when it did not allow him to file a post-trial brief. We find no merit to this argument.

. The record contains a copy of a July 29, 2008, check for membership to the NGFA. Tubbs joined so it could avail itself of the NGFA arbitration process.