PER CURIAM.
Lin these consolidated applications, rela-tors, BPI Home Builder, LLC, and Nautilus Insurance Company, seek review of a judgment of the district court denying their exception of prematurity. The dispute centers on whether plaintiffs negligence claims against relators, based on a fire at her home during the renovation process, is subject to arbitration.
In Aguillard v. Auction Management Corp., 04-2804 at p. 25 (La.6/29/05), 908 So.2d 1, 18, we explained Louisiana favors arbitration, and any doubt concerning the scope of arbitrable issues should be resolved in favor of arbitration:
Even when the scope of an arbitration clause is fairly debatable or reasonably in doubt, the court should decide the question of construction in favor of arbitration. The weight of this presumption is heavy and arbitration should not be denied unless it can be said with positive assurance that an arbitration clause is not susceptible of an interpretation that could cover the dispute at issue.
Plaintiff has failed to show the arbitration clause is not susceptible of an interpretation which could cover the dispute at issue. To the contrary, a fair interpretation of the clause indicates it could encompass any negligence claims resulting from failure to supervise the contractor’s employees.
Accordingly, the writs are granted. The judgment of the district court is reversed, and judgment is rendered in favor of rela-tors, granting their exception of prematurity.