JJVRIT GRANTED; MADE PEREMPTORY; REMANDED.

Applicants, Butch Carter, Carter Group, Inc. and Tiger I Tire and Service Center, L.L.C., seek supervisory review of the trial court’s overruling of their exception of lack of subject matter jurisdiction.
The instant suit is for default on the payment of two promissory notes. The promissory notes do not contain any language regarding alternative dispute resolution. However, a previously executed sales agreement between the parties, and the basis for execution of the promissory notes, provided that any disputes arising from the sales agreement would be resolved by mediation, and, thereafter, if mediation was unsuccessful, binding arbitration. The sales agreement also provided that a portion of the sales price of the purchase would be paid by | ^execution of a promissory note. The applicants contend that the arbitration clause found in the sales contract should be incorporated into the promissory notes by reference.
In Aguillard v. Auction Management Corp., 908 So.2d 1, 2004-2804 (La.6/29/05) the Louisiana Supreme Court explained:
Accordingly, even when the scope of an arbitration clause is fairly debatable or reasonably in doubt, the court should decide the question of construction in favor of arbitration. The weight of this presumption is heavy and arbitration should not be denied unless it can be said with positive assurance that an arbitration clause is not susceptible of an interpretation that could cover the dispute at issue.
*896 When a party to a lawsuit claims that the matter is required to be submitted to arbitration, the threshold inquiry is whether the parties have agreed to arbitrate the dispute in question. Id. (citing Johnson’s, Inc. v. GERS, Inc., 34,268 (La.App.2d Cir.1/24/01), 778 So.2d 740). This determination involves two considerations: (1) whether there is a valid agreement to arbitrate between the parties; and (2) whether the dispute in question falls within the scope of that arbitration agreement. Id.
The Louisiana Third, Fourth and Fifth Circuit Courts of Appeal have held:
The incorporation of an arbitration clause by reference to another written contract is a suitable method of evidencing the parties’ intent to arbitrate as long as the arbitration clause in the contract that is referred to has ‘a reasonably clear and ascertainable meaning.
Woodson Const. Co., Inc. v. R.L. Abshire Const. Co., Inc., 459 So.2d 566 (La.App. 3d Cir.1984) (arbitration agreement contained in subcontract between contractor and subcontractor applied to the contract between one subcontractor and another subcontractor by direct reference to contract between contractor and subcontractor); Regions Bank v. Weber, 10-1169 (La.App. 4th Cir.12/15/10), 53 So.3d 1284 (promissory note and corresponding guarantee where “inextricably tied” and therefore arbitration clause in promissory note applied to suit against guarantor); Dufrene v. HBOS Mfg., LP, 03-2201 (La.App. 4th Cir.4/7/04), 872 So.2d 1206 (arbitration clause in “Arbitration Agreement” specifically incorporated by direct reference to the bill of sale).
In the instant case, the sales agreement, containing the arbitration clause, directly referred to the later execution of a promissory note for payment of the purchase price. The sales contract, therefore, demonstrates the parties’ intent to arbitrate any issues arising under the sales agreement, including the execution of a promissory note made in payment of the purchase price. Accordingly, the writ is | ¡.granted, Applicant’s exception of lack of subject matter jurisdiction is sustained and the case is remanded to the trial court to stay the proceedings and enforce the arbitration agreement.