MADELEINE M. LANDRIEU, Judge.
|,The plaintiff, Logan Williams, filed suit against, CVN Enterprises, LLC (“CVN”), alleging that CVN breached the contract between them by failing to discover the presence of Chinese drywall in a home he purchased.[1]
In response to the suit, CVN filed exceptions of prematurity and lack of subject matter jurisdiction on grounds that the contract requires the parties to resolve any dispute over the contract by way of arbitration. The trial court granted the exceptions and dismissed Mr. Williams’s claims against CVN, without prejudice. Mr. Williams has filed this, appeal. For the reasons that follow, we affirm the judgment of the trial court.
FACTS AND PROCEEDINGS BELOW
In September of 2011, Mr. Williams contracted with CVN to conduct an inspection of a home he was interested in purchasing. CVN completed its inspection and issued a report. The report did not indicate the presence of Chinese drywall. Mr. Williams proceeded with the purchase of the home and later ^discovered Chinese drywall which he contends should have been detected by CVN in connection with their inspection. The contract, signed by both Mr. Williams and a representative of CVN, is a one-page legal sized document that contains an arbitration provision. This provision provides, in part, as follows:
ARBITRATION: Any dispute arising out of the inspection, report or the interpretation of this agreement, except for non-payment of the inspection fee, shall *607 be resolved in accordance with the Louisiana Binding Arbitration Laws. The parties shall select a mutually agreed upon arbitrator who is a home inspector licensed by the State of Louisiana. If the parties are unable to agree upon an arbitrator, either party may request that a licensed home inspector be selected by the Louisiana State Board of Home Inspectors to arbitrate the proceedings. Such selection shall be binding upon the parties. The prevailing party shall be awarded arbitration costs.
In response to Mr. Williams’ petition, CVN filed exceptions of prematurity and lack of subject matter jurisdiction, based on this provision. After a hearing on May 10, 2013, the trial court granted CVN’s exceptions and dismissed the claims against CVN, without prejudice. This appeal follows.
DISCUSSION
In his sole assignment of error, Mr. Williams asserts that the arbitration clause contained in the contract he signed is invalid because it requires that the arbitrator be “a home inspector licensed by the State of Louisiana.” Mr. Williams contends that because CVN is also a home inspector licensed by the State of Louisiana, he will be disadvantaged, thus, the provision is adhesionary. We disagree.
The issue of whether or not the trial judge should have compelled arbitration is a question of law. Dufrene v. HBOS Mfg., LP, 2003-2201, p. 2 (La.App. 4 Cir. 4/7/04), 872 So.2d 1206,1209 (citing Billieson v. City of New Orleans, 02-1993, p. 3 (La.App. 4 Cir. 9/17/03), 863 So.2d 557, 560). Therefore, when reviewing the grant or denial of a motion to compel arbitration, appellate courts determine whether the trial court was legally correct or incorrect. Id.
The Louisiana Binding Arbitration Law, Louisiana Revised Statute 9:4201, states:
A provision in any written contract to settle by arbitration a' controversy thereafter arising out of the contract, or out of the refusal to perform the whole or any part thereof, or an agreement in writing between two or more persons to submit to arbitration any controversy existing between them at the time of the agreement to submit, shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.
The law further provides that if the arbitration agreement contains a method for naming or appointing the arbitrator, that method will be followed. La. R.S. 9:4204.
A contract of adhesion is a “standard contract, usually in printed form, prepared by a party of superior bargaining power for adherence or rejection of the weaker party. Often in small print, these contracts sometimes raise a question as to whether or not the weaker party actually consented to the terms.” Aguillard v. Auction Management Corp., 2004-2804, 2004-2857, p. 9 (La.6/29/05), 908 So.2d 1, 8-9 (citing Golz v. Children’s Bureau of N.O., 326 So.2d 865, 869 (La.1976))..
In Aguillard, the defendant, Gilmore Realty, conducted an auction of certain pieces of property owned by the defendant, Bank of New York. On the day of the auction, plaintiff and approximately seventeen other individuals were provided with the “Auction Terms and Condition,” which each person bidding was required |4to sign. By signing the document, plaintiff acknowledged that he or she had read and understood the Auction Terms and Conditions. The document was printed in nine-point font and included an arbitration clause under the section entitled “Announcements.” The arbitration clause provided that “any controversy or claim *608 arising from or relating to this agreement or any breach of such agreement shall be settled by arbitration administered by the American Arbitration Association under is [sic] rules.” The plaintiff was the highest bidder on a home and was required to sign a document entitled “Auction Real Estate Sales Agreement” and pay $4,290, in accordance with the auction terms and conditions. Subsequently, Bank of New York rejected the plaintiffs bid and refused to close on the property.
The plaintiff filed suit to enforce the Auction Real Estate Sales Agreement. The defendants filed a joint motion to stay proceedings pending arbitration. The district court denied the motion. On writs, the Third Circuit affirmed the district court’s ruling, finding that the entire contract was adhesionary and lacked mutuality. The Louisiana Supreme Court, in granting the writ, held that the arbitration clause at issue was not adhesionary because neither the print nor the font size of the arbitration agreement differed from the other clauses in the standard form contract. Also, the contract at issue was only a two-page document and each paragraph was clearly separated from the preceding paragraph and clearly labeled. Aguillard, 2004-2804, p. 21, 908 So.2d at 16. Further, the Court held that the arbitration clause did not lack mutuality because the clause severely limited both the defendant’s and plaintiffs right to litigate. Id.
|Jn the present case, like in Aguillard, the arbitration clause was in the same font and type size as the rest of the document. The contract was a one-page document and the clause was contained in a paragraph clearly marked “ARBITRATION.” The clause required arbitration for any potential claim Mr. Williams had against CVN, but allowed CVN to bring a claim for non-payment of fees in any forum. While this requirement may appear to lack mutuality because it allows CVN to sue the plaintiff in court, but limits the plaintiff to proceeding only in arbitration against CVN, this claim is without merit. “It is well-settled that a party who signs a written instrument is presumed to know its contents and cannot avoid its obligations by contending that he did not read it, that he did not understand it, or that the other party failed to explain it to him.” Aguillard, 2004-2804, p. 22, 908 So.2d at 17. By signing the contract, Mr. Williams acknowledged that he “read the agreement and understood] and accepted] the terms and conditions thereof.”
There is no evidence in the record that Mr. Williams was not in equal bargaining power or that he was compelled to sign the contract with CVN. Mr. Williams failed to prove that he was prevented from choosing another home inspector, who would not require arbitration, to complete the work. Furthermore, Mr. Williams did not produce any evidence to show that a licensed home inspector acting as an arbitrator would not be “a neutral decision maker,”[2] or would display Impartiality or corruption.” [3] The arbitration clause is valid and enforceable. This assignment of error has no merit.
CONCLUSION
For the reasons stated, we affirm the judgment of the trial court granting CVN’s exceptions.
AFFIRMED

. Mr. Williams also named the sellers, their realty company and their agent as defendants in his lawsuit.

. See Hodges v. Reasonover, 2012-0043, pp. 10-11 (La.7/2/12), 103 So.3d 1069, 1076.

. See La. R.S. 9:4210.