Judgment rendered November 6, 2019.

No. 53,302-CW

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *





WIELAND                                    Applicant

versus

SHREVEPORT AQUARIUM,                       Respondent
LLC

* * * * *

Appealed from the
First Judicial District Court for the
Parish of Caddo, Louisiana
Trial Court No. 611,762

Honorable Craig Owen Marcotte, Judge

* * * * *

WIENER, WEISS & MADISON              Counsel for Applicant,
By: John M. Madison, III             Wieland
    Anna Wheeler O'Neal

LYDIA M. RHODES                      Counsel for Respondent,
                                     Shreveport Aquarium, LLC

* * * * *

Before MOORE, GARRETT, and THOMPSON, JJ.

**THIS WRIT ORDER IS DESIGNATED FOR PUBLICATION.**

STATE OF LOUISIANA
COURT OF APPEAL, SECOND CIRCUIT
430 Fannin Street
Shreveport, LA 71101
(318) 227-3700

No. 53,302-CW

WIELAND

VERSUS

SHREVEPORT AQUARIUM, LLC

FILED: 09/13/19
RECEIVED: BY HAND 09/13/19

On application of Wieland for SUPERVISORY WRIT in No. 611,762 on the docket of the First Judicial District, Parish of CADDO, Judge Craig Owen Marcotte.

| | |
|---|---|
| WIENER, WEISS & MADISON<br>John M. Madison, III<br>Anna Wheeler O'Neal | Counsel for:<br>Wieland |
| Lydia M. Rhodes | Counsel for:<br>Shreveport Aquarium, LLC |

Before MOORE, GARRETT, and THOMPSON, JJ.

## WRIT GRANTED AND MADE PEREMPTORY.

Applicant Wieland-Davco Corporation (Wieland) seeks supervisory review of the denial of its "Exception of Prematurity and Motion to Stay."

The contract between the parties contains a binding dispute resolution clause, which provides that any claim subject to, but not resolved by, mediation pursuant to Section 15.3 of AIA Document A201-2007, would be subject to arbitration pursuant to Section 15.4 of AIA Document A201-2007. Section 15.3 of AIA Document A201-2007 provides that "claims, disputes, or other matters in controversy arising out of or related to the contract except those waived as provided for in Sections 9.10.4, 9.10.5, and 15.1.6, shall be subject to mediation as a condition precedent to binding dispute resolution." Section 15.4 of AIA Document A201-2007 provides as follows:

> If the parties have selected arbitration as the method for binding dispute resolution in the agreement, any claim subject to, but not resolved by, mediation shall be subject to arbitration which, unless the

parties mutually agree otherwise, shall be administered by the American Arbitration Association in accordance with its Construction Industry Arbitration Rules in effect on the date of the agreement. A demand for arbitration shall be made in writing, delivered to the other party of the contract, and filed with the person or entity administering the arbitration. The party filing a notice of demand for arbitration must assert in the demand all claims then known to that party on which arbitration is permitted to be demanded.

Copies of these documents were attached to the pleadings.

If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration. 9 U.S.C. § 3. Louisiana's Binding Arbitration Law is virtually identical to its federal counterpart. *See* La. R.S. 9:4201, *et seq.*

The threshold inquiry is whether the parties have agreed to arbitrate the dispute in question. *Traders' Mart, Inc. v. AOS, Inc.*, 52,592 (La. App. 2 Cir. 4/10/19), 268 So. 3d 420, writ denied, 2019-00694 (La. 10/21/19), _____ So. 3d _____. This determination involves two considerations: (1) whether there is a valid agreement to arbitrate between the parties; and (2) whether the dispute in question falls within the scope of that arbitration agreement. *Id.*

Here, Wieland established the existence of a valid arbitration agreement with Shreveport Aquarium, LLC. Further, Wieland made proper demand for arbitration, by way of written demand filed with the American Arbitration Association and delivered to Shreveport Aquarium, LLC, and reserved its right to proceed by arbitration in its petition. Finally, the dispute at issue arises from the contract between the parties and, is, therefore, an issue referable to arbitration under the terms of the agreement.

There is a strong policy in Louisiana favoring arbitration when it has been agreed to by the parties. *Morial v. BPI Home Builder, LLC*, 12-2195 (La. 11/2/12), 99 So. 3d 1006; *Aguillard v. Auction Mgmt. Corp.*, 04-2804 (La. 6/29/05), 908 So. 2d 1; *Lincoln Builders, Inc. v. Raintree Inv. Corp. Thirteen*, 37,965 (La. App. 2 Cir. 1/28/04), 866 So. 2d 326. Louisiana and federal law explicitly favor the enforcement of arbitration clauses in written contracts. *Traders' Mart, supra.* Accordingly, the writ is granted and made peremptory. Wieland's "Exception of

Prematurity and Motion to Stay" is hereby granted and the matter is remanded for further proceedings consistent with this Court's order.

Shreveport, Louisiana, this _____6th_____ day of _____November_____, 2019.

**THIS WRIT ORDER IS DESIGNATED FOR PUBLICATION.**

_____         _____         _____

FILED: _____November 4, 2019_____

_____
                    CLERK